```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

Larry Canady,                    :

        Plaintiff,               :

    v.                           :    Case No. 2:14-cv-303

Doctor Eddy, et al.,             :    JUDGE JAMES L. GRAHAM
                                      Magistrate Judge Kemp
        Defendants.              :
```

REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on a motion for a temporary restraining order and preliminary injunction filed by plaintiff Larry Canady (Doc. 12). Defendants have filed an opposition to the motion (Doc. 14), and the motion is now ripe for resolution. For the reasons set forth below, the Court will recommend that the motion for a temporary restraining order and preliminary injunction be denied. Also before the Court is a motion to appoint counsel (Doc. 15). The motion to appoint counsel will be denied.

I. Background

In this prisoner civil rights case, Mr. Canady alleges that his due process rights have been violated because the prison's rules infraction board entered judgment against him without permitting him to participate in the proceedings. Mr. Canady also alleges denial of medical care in violation of the Eighth Amendment to the United States Constitution.

In his motion for a temporary restraining order and preliminary injunction, Mr. Canady alleges that the defendants refuse to provide him with eye drops prescribed to him to treat his eye condition. Mr. Canady also alleges that defendants refuse to treat him for "renal pain and other painful conditions."

## II. Motion for Temporary Restraining Order and Preliminary Injunction

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. See Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). These same factors are to be considered with respect to a temporary restraining order under Fed. R. Civ. P. 65(b). See, e.g., Northeast Coalition for Homeless Service Employees Int'l Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006). With these standards in mind, the Court will determine whether Mr. Canady is entitled to the relief he is seeking.

The Court first examines the likelihood that Mr. Canady will succeed on the merits of his claim. To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health. Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991). In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.... " Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

In his motion, Mr. Canady acknowledges that eye drops were given to him, although they were not the eye drops that Mr. Canady believes he should have been given.  Mr. Canady's motion suggests that the medical professionals disagreed about his treatment, with the specialist recommending prescription eye drops named Lumigan and the prison doctor prescribing different eye drops along with follow-up examinations.  Mr. Canady also suggests that the advanced level provider, who was a nurse practitioner, improperly regarded the specialist's order as a recommendation rather than an order to be followed.  "Choosing one doctor-supported treatment regimen over another doctor-supported treatment regimen does not amount to deliberate indifference." Mitchell v. Hininger, 553 Fed. Appx. 602, 606

(6th Cir. 2014).  Further, "a prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference."  Williams v. Smith, 2009 WL 2431948, *9 (S.D.N.Y. Aug. 10, 2009).  Thus, Mr. Canady has not demonstrated a likelihood of success on this claim.

Mr. Canady also argues that it was improper for the nurses to administer the eye drops to him, as opposed to allowing him to administer the eye drops himself.  Further, Mr. Canady alleges that his inability to handle the eye drops prevents him "from knowing whether the drops are renewed every 30 days as ordered...."  Neither of these allegations demonstrate a likelihood of success on an Eighth Amendment medical claim.

Finally, Mr. Canady states that, although he has been permitted to see a renal specialist, an individual from the prison is in the appointment room "telling the specialist what they can and cannot order, and pain medications are not to be ordered at all."  Mr. Canady argues that it is up to the prison doctor whether to order pain medication and that doctor often refuses to order that medication "for one reason or another that has nothing to do with the condition...."  Mr. Canady states that he is in pain and requests this Court to arrange for "an examination and treatment by a qualified specialist" and to issue "a preliminary injunction requiring the defendants to reinstate [his] pain plan of treatment."  Again, Mr. Canady disagrees with the course of treatment, and he fails to produce compelling evidence demonstrating that he has been denied necessary care or pain medication.  In sum, Mr. Canady fails to produce the type of evidence of "unnecessary and wanton infliction of pain" to support his Eighth Amendment claim, see Estelle, 429 U.S. at 104, which makes it likely that he will succeed on this claim.

Mr. Canady also fails to demonstrate that he will suffer

irreparable harm if the requested relief is not granted. Where, as here, Mr. Canady "has not shown a continuing violation of his Eighth Amendment rights, ... the irreparable injury must be more than his allegation of a constitutional violation." Rhinehart v. Scutt, 2013 WL 28095, *4 (6th Cir. Jan. 2, 2013). With respect to irreparable injury, Mr. Canady alleges that he risks irreparable harm "in the form of continue [sic] physical and mental pain and suffering" and the risk of vision of loss if the requested relief is not granted. Despite Mr. Canady's disagreement with the course of treatment for his eye condition, Mr. Canady does not allege that he is being denied treatment. In addition, as defendants point out, Mr. Canady requests "reinstatement [of his] pain plan of treatment," but he does not allege that he is being denied pain medication or that he is not being treated for the conditions causing him to suffer pain. Because Mr. Canady has failed to demonstrate that his condition will worsen if he does not receive the requested relief immediately, this factor weighs against granting Mr. Canady's motion.

The third factor, frequently termed "the balance of the equities," also weighs against granting Mr. Canady's motion. Rhinehart, 2013 WL 28095, *5. This factor requires the Court to weigh the interests of the defendants against Mr. Canady's interest in receiving the requested medical care. Because, as discussed above, Mr. Canady has shown neither a likelihood of success on the merits or irreparable harm, this balance weighs against preliminary injunctive relief. Id.

Finally, no public interest would be served by granting Mr. Canady the relief he seeks. Interference by federal courts in the administration of state prison matters is generally disfavored. See Johnson v. Payton, 2013 WL 1843979, *5, citing Glover v. Johnson, 855 F.2d 277, 286-87 (6th Cir. 1988)("Any

5

interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a showing of a violation of constitutional rights."). Consequently, the public interest does not support the remedy of injunctive relief. For all of these reasons, the Court will recommend that Mr. Canady's motion for a temporary restraining order and a preliminary injunction (Doc. 12) be denied.

### III. Motion for Appointment of Counsel

Mr. Canady also has requested the appointment of counsel. "Appointed counsel in civil suits is a privilege only justified in exceptional circumstances...." Jennings v. Bradley, 419 Fed. Appx. 594, 598 (6th Cir. 2011), citing Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Based on the current record, the Court cannot conclude that such exceptional circumstances exist in this case. Consequently, the motion for the appointment of counsel (Doc. 15) will be denied.

### IV. Recommended Disposition and Order

For the reasons set forth above, it is recommended that the motion for a temporary restraining order or preliminary injunction (Doc. 12) be denied. Further, Mr. Canady's motion for the appointment of counsel (Doc. 15) is denied.

### V. Procedure on Objections

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge