```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Larry Canady,

      Plaintiff,

  v.                           Case No. 2:14-cv-303

Doctor Eddy, et al.,

      Defendants.

## ORDER

    Plaintiff Larry Canady, an inmate currently housed in the Pickaway Correctional Institution, filed the instant civil rights action pursuant to 42 U.S.C. §1983 alleging due process and Eighth Amendment violations against various prison officers and medical personnel.  Plaintiff also asserted negligence claims under Ohio law.  This matter is now before the court for consideration of the April 27, 2015, report and recommendation of the magistrate judge, recommending that the January 27, 2015, motion for judgment on the pleadings filed by defendants Eddy, Saul, Swackhammer, Aduse, and Justice, be granted.  Plaintiff filed an objection to the report and recommendation on May 14, 2015.  The above defendants filed a response to plaintiff's objection on May 22, 2015, and plaintiff filed a reply.

    If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§636(b)(1).

Courts apply the same analysis to motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010). To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In his report and recommendation, the magistrate judge noted that plaintiff filed a sur-reply to the motion for judgment on the pleadings in which he voluntarily dismissed his due process claim and some of his Eighth Amendment claims. In addressing plaintiff's remaining claims, the magistrate judge concluded that: 1) plaintiff's complaints about Dr. Aduse's order that plaintiff's pain medication be crushed prior being administered did not

2

constitute an Eighth Amendment violation because plaintiff failed to allege any injury as a result of this practice; 2) that the defendants' alleged acts of providing plaintiff with Travatan eye drops rather than Lumigan, the prescription recommended by the specialist at the ophthalmology clinic to treat plaintiff's glaucoma, did not state an Eighth Amendment violation; and 3) that plaintiff's state law negligence claims should be dismissed because he failed to allege that the Ohio Court of Claims had issued a decision pursuant to Ohio Rev. Code §§ 9.86 and 2743.02(F) that immunity did not apply.  Doc. 37, pp. 13-16.  The magistrate judge declined to address plaintiff's claim that defendant Nurse Jackie failed to timely arrange for his return to the ophthalmology clinic, because she has not yet been served, and because this claim was not addressed in the motion for judgment on the pleadings. Doc. 37, p. 15.

In his objection, plaintiff addresses the magistrate judge's second finding, repeating his claim that he was not given the eye drops recommended by the specialist.  This court agrees with the magistrate judge's analysis of this Eighth Amendment claim.  To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendant displayed a deliberate indifference to his health.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 839 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  A complaint that a prison doctor or official has been negligent with respect to medical diagnosis or treatment does not state a valid claim under the Eighth Amendment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>Brooks v. Celeste</u>, 39 F.3d 125, 127  (6th Cir. 1994).  Rather, to

3

plead an Eighth Amendment violation, plaintiff was required to allege facts sufficient to show that the treatment was "so woefully inadequate as to amount to no treatment at all[.]"  Westlake v. Lucas, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976).

The magistrate judge correctly concluded that the fact that plaintiff was not given a particular kind of medication does not rise to the level of deliberate indifference to plaintiff's serious medical needs.  See Doc. 37, p. 15.  As the Sixth Circuit stated in Mitchell v. Hininger, 553 F.App'x 602 (6th Cir. 2014), "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim."  Id. at 605.  See also Rhinehart v. Scutt, 509 F.App'x 510, 513 (6th Cir. 2013)(neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient to allege a deliberate indifference claim); Kirkham v. Wilkinson, 101 F.App'x 628, 630 (6th Cir. 2004)("[A] difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action.... This court is reluctant to second-guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment.").  Further, the fact that a specialist recommended a different prescription medication does not establish an Eighth Amendment violation, as "a prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference."  Williams v. Smith, No. 02 Civ. 4558(DLC), 2009 WL 2431948 at *9 (S.D.N.Y. Aug. 10, 2009).

Plaintiff also offers new documents indicating that he was

4

seen by an ophthalmologist at the Ohio State Medical Center on May 8, 2015. He alleges that it was Dr. Eddy's policy for inmates to see a specialist once a year, contrary to the specialist's recommendation that plaintiff be seen several times per year. There were no allegations concerning Dr. Eddy's alleged policy in plaintiff's original complaint or in his amended complaint. Plaintiff first complained of Dr. Eddy's alleged policy of permitting one visit to a specialist per year in a document filed, without leave of court, on March 16, 2015, entitled "PLAINTIFF' [sic] BRIEF STATEMENT OF HIS CLAIMS." The documents submitted by plaintiff with his objection contain information outside the scope of the complaint and amended complaint which cannot be considered in ruling on a motion for judgment on the pleadings. In addition, plaintiff may not offer, for the first time in an objection, evidence which was never presented to or considered by the magistrate judge. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Even if the court were to consider these new documents, they would not change this court's ruling on the motion to dismiss plaintiff's Eighth Amendment claim.

The court agrees with the conclusion of the magistrate judge that plaintiff's complaint and amended complaint fail to state an Eighth Amendment claim against the moving defendants. Having reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objection is without merit. The court overrules plaintiff's objection (Docs. 38 and 40), and adopts the magistrate judge's report and recommendation (Doc. 37). The motion of defendants Eddy, Saul, Swackhammer, Aduse, and Justice for

5

judgment on the pleadings (Doc. 27) is granted. The clerk is directed to enter judgment in favor of these defendants on plaintiff's §1983 claims. Plaintiff's state law claims are dismissed without prejudice to filing them in the Ohio Court of Claims.

The court notes that on April 20, 2015, the magistrate judge issued an order (Doc. 36) directing plaintiff to show cause within fourteen days why his claims against the remaining defendants, Nurse Jackie and Rebecca (Becky) Krauss, should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to timely perfect service. The time for showing good cause has expired, and plaintiff has not responded to the show cause order. In accordance with Rule 4(m), the plaintiff's claims against Nurse Jackie and Rebecca (Becky) Krauss are hereby dismissed without prejudice for failure to timely perfect service.

It is so ordered.

Date: June 8, 2015                          s/James L. Graham
                                            James L. Graham
                                            United States District Judge

6